## Lang *v.* Recht, Appellant.

Argued April 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*J. I. Simon,* for appellants.

No appearance was made nor brief submitted for appellees.

OPINION BY ROSS, J., October 1, 1952:

This is an action of trespass tried before a judge without a jury. From a judgment entered in favor of the plaintiffs in the sum of $225.00, the defendants have appealed.

The complaint alleged in substance that the defendants "swore to an affidavit regarding certain furniture and proceeded with the assistance of a Deputy Sheriff . . . to take from the home of the Plaintiffs certain furniture for which the Plaintiffs herein have made full payment . . ."; and that "the said Defendants, by their agents, proceeded in a very reckless manner to remove certain furniture belonging to the Plaintiffs from the Plaintiffs' home and in so doing did great damage to Plaintiffs' property . . ." The defendants' answer averred that the furniture in question had been purchased from them by plaintiffs under a bailment lease and that $87.33 of the purchase price was unpaid. It was denied that the furniture was removed in a reckless manner and was further averred that defendants' acts "were in accordance with Replevin Proceedings issued in the Common Pleas Court of Allegheny County at No. — and the said removal was in accordance with the procedure of law and . . . were performed in a lawful, reasonable and careful manner, as not to damage any of the property of the Plaintiffs".

At the trial, the wife plaintiff testified that in October of 1942, when she was married to a man named

Virgil Shelton, she purchased a bedroom suite from the defendants. She stated that payments made on the furniture were "scattered and far apart" but that payment in full had been made. She testified that the defendant named in the "papers to replevy" the furniture was Virgil Shelton and that when she would not accept service for her former husband the sheriff simply "laid them on the corner of an end table and pulled the door shut and left". Thereafter, she testified, Herman Recht, two deputy sheriffs and two movers arrived to "lift" the bedroom suite and in so doing damaged the bedroom floor, the stairs, bannister and ceiling over the stairs. Herman Recht testified that there was an unpaid balance of $86.69 on the furniture.

At this point the trial was continued until June 16, 1950, a period of some seven months, and when court reconvened Harry Alan Sherman, Esquire, trial counsel for defendants, made the following statement to the court: "I want to put on record that I have notified my client to be here at 9:30 this morning. He was in my office in response to that registered mail notice and he informed us he would not appear; that if an adverse decision was rendered against him he would get a lawyer that knows something about law and I am advising the Court officially that he has had actual notice of this continued hearing and that under the circumstances I shall have to file a motion for leave to withdraw as counsel but without prejudice to the plaintiff's right to prove his testimony. He said he would not be here and will not participate in this hearing and in view of the circumstances I cannot possibly represent him. Because of the record and because of the fact that my client is apparently unaware of the legal value of the matters already of record against him and because I feel that he is damaging his own chances for contradicting any further testimony by not

appearing in Court, I believe that it is my duty to stipulate of record that the amount which was previously discussed as a reasonable judgment in the case; that is, the sum of $225, would be a fair disposition of this case and I so stipulate that the entry of the judgment of $225 be entered at this time without further taking of testimony, which might result in additional costs to my client." Pursuant to this stipulation, judgment was entered against the defendants in the sum of $225.00.

The defendants contend that "the basis of the claim on the part of the Langs . . . arose out of the replevin proceedings duly instituted in the Court of Common Pleas of Allegheny County, Pennsylvania", and so "any question of title to the furniture was res judicata. . . ."

Pa. R. C. P. 1030 provides: "The defenses of . . . res judicata . . . shall be pleaded in a responsive pleading under the heading 'New Matter'. Any other affirmative defense may be similarly pleaded." Pa. R. C. P. 1032 provides: "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and (2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action." The necessary effect of these rules is that the defense of res judicata must be pleaded in a responsive pleading under the heading of new matter or it will be

deemed to have been waived. *Anderson, Pennsylvania Civil Practice,* Vol. 2, p. 374. Since res judicata was not pleaded by the defendants in the court below it is, of course, too late to raise that defense here.

The defendants contend that the court below erred in permitting their trial counsel to consent to the entry of judgment against them after having withdrawn as counsel. The answer to that contention is that Mr. Sherman had not withdrawn as counsel at the time when he agreed that judgment should be entered against them. We think his statement to the court was simply intended to explain his clients' absence and to inform the court of the reasons which would *thereafter* prompt him to "file a motion for leave to withdraw as counsel". It is clear that he conceived himself to be acting for defendants and in their interests when he agreed that judgment should be entered against them.

We are not moved by the defendants' present complaint that the court below permitted trial counsel "to abandon his clients without the clients being afforded an opportunity to defend themselves". The action was filed on March 15, 1948, and on September 23, 1948 judgment was entered against the defendants in default of an answer or an appearance. The judgment was thereafter opened and defendants permitted to interpose a defense. Given an opportunity to defend, they simply refused to participate in the trial of the case.

The authority of trial counsel to stipulate that a judgment be entered against his clients cannot be successfully questioned. *Grocery, etc., Local No. 635 v. Kroger Co.,* 364 Pa. 195, 70 A. 2d 218.

Judgment affirmed.