John **SHIELDS**, a *minor*, by Joseph G.
Shields, his next friend, and Joseph G.
Shields, in his own right

v.

**GALLOWAY BROS. TRANSPORTATION
CO.**, a corporation of the State of Del-
aware, and Louis E. Morrow.

Superior Court of Delaware,
New Castle.

March 2, 1972.

Henry B. FitzPatrick, Jr., Philadelphia, Pa., John M. Bader, Wilmington, for plaintiffs.

Daniel F. Kelleher, Wilmington, for defendants.

OPINION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MOTION GRANTED

BIFFERATO, Justice.

The Court heard argument on January 28, 1972, on defendants' motion for summary judgment. This action for damages arising from an accident involving the parties was filed by Joseph G. Shields, as next friend of John Shields, a minor, and by Joseph G. Shields, in his own right (Shieldses), on May 3, 1968. The defendant, Galloway Bros. Transportation Co., et al. (Galloway), filed a motion for summary judgment on February 24, 1970, on the grounds of collateral estoppel based on a jury verdict in a Pennsylvania case involving these same parties and arising out of the same cause of action. That motion was granted on July 29, 1970, and an appeal was filed. The Supreme Court of Delaware reversed that decision, finding that there was no final judgment in Pennsylvania and that no estoppel could arise where a motion for a new trial or for judgment N.O.V. was pending. The defendants thereafter renewed their motion for summary judgment, contending that the judgment in Pennsylvania had become final and therefore barred further prosecution of this case. This is the decision on defendants' renewed motion.

A brief description of the proceedings, both in Delaware and Pennsylvania, and their chronology is essential to an understanding of the issues raised by this motion. On November 17, 1967, an action against Galloway was filed in the Court of Common Pleas for Delaware County Pennsylvania, by the administrator of the estate of Dennis Murtaugh. This action arose out of an accident in Eddystone, Pennsylvania, involving a truck owned by the defendants and operated by one of their agents and a car operated by John Shields; Dennis Murtaugh, a passenger in the Shields' car, died as a result of injuries sustained in the accident.

On January 19, 1968, Galloway filed a defendant's complaint in the Pennsylvania action joining the Shieldses as defendants; the Shieldses filed an answer to that complaint on February 27, 1968, but no counter-claim was filed.

On May 3, 1968, the Shieldses filed the complaint in this action based on the same accident which was the subject of the litigation in the Pennsylvania court.

After a three-day trial in which the Shieldses were fully represented, a jury verdict was returned in the Pennsylvania litigation on October 22, 1969, against the Shieldses and for the plaintiff, Murtaugh, in the amount of $64,000. At the same time verdict was rendered in favor of the original defendant, Galloway, and against the plaintiff, Murtaugh. Judgment was erroneously entered on the verdict on October 27, 1969. On the same day, the Shieldses filed a motion for judgment N.O.V. or for a new trial.

On December 8, 1969, a pretrial conference was held in connection with the Delaware action. Although the defendant stated his intention to file a motion for summary judgment based on the Pennsylvania litigation, trial of the Delaware action was set for February 25, 1970. Because of the alleged inability to obtain a transcript of the Pennsylvania trial, defendant delayed filing his motion for summary judgment until early in 1970.

On February 24, 1970, Galloway filed a motion for summary judgment in the Delaware action on the ground of collateral estoppel based on the verdict in the Pennsylvania case. At the suggestion of the Court, the parties entered into a stipulation on that date regarding the date on which estoppel must exist in order to justify grant

of the motion for summary judgment. That stipulation provided:

(4) If this court shall decide that the plaintiff herein is collaterally estopped by reason of the action in Delaware County Pennsylvania, aforesaid, nevertheless, in spite of such holding plaintiff shall in no way be barred, but shall be entitled to proceed just as though no question of collateral estoppel existed, unless the court shall also decide that such estoppel was effective on February 25, 1970, notwithstanding that judgment in the Delaware County Pennsylvania action had not yet been entered on February 25, 1970, If, however, the court shall decide that plaintiff is collaterally estopped herein and that such estoppel was present on February 25, 1970, even though no judgment had been entered in the Delaware County Pennsylvania action, then the captioned action shall be dismissed.

Upon briefs and argument of the parties, Galloway's motion for summary judgment was granted by decision of this Court on July 29, 1970. On June 15, 1971, that decision was reversed on appeal the Supreme Court finding that no final judgment had entered on the Pennsylvania verdict. It was held that absent a final judgment, neither res judicata nor collateral estoppel, could bar the plaintiff's action in this Court.

On November 5, 1970, during the pendency of appeal to the Delaware Supreme Court, the judgment in the Pennsylvania case became final, the Shieldses' motion for judgment N.O.V. or for a new trial having been dismissed.

On August 10, 1971, Galloway renewed its motion for summary judgment, this time on the ground of res judicata based on the now-final Pennsylvania judgment. The Shieldses oppose that motion, arguing that the stipulation of February 24, 1970, "freezes" the progress of the Pennsylvania litigation at February 25, 1970, insofar as this action is concerned. They further

argue that there is no reason why the defendant should be allowed relief from this stipulation.

Initially, it should be clear that, absent the stipulation, the now-final Pennsylvania judgment would act as a bar to further prosecution of this action. The Pennsylvania litigation involved the same parties as are involved here, their interests were adverse in that action, and the claim for which the plaintiff seeks to recover here could have been raised in that action as a counterclaim against the original defendant, Galloway. Under these circumstances, the courts of Pennsylvania have given res judicata effect to the prior litigation. Simodejka v. Williams, 360 Pa. 332, 62 A.2d 17 (1948). The law of Delaware and the Federal Constitution require me to give the same effect to a Pennsylvania judgment rendered upon adequate jurisdiction as it would have in that state. Bata v. Hill, 37 Del.Ch. 96, 139 A.2d 159 (Del. Ch.1958), mod. 39 Del.Ch. 258, 163 A.2d 493, rearg. den. 39 Del.Ch. 598, 170 A.2d 711, cert. den. 366 U.S. 964, 81 S.Ct. 1926, 6 L.Ed.2d 1255.

It is also clear, however, that the issue of res judicata is raised as an affirmative defense, not as a fact which deprives the court of jurisdiction. 50 C.J.S. Judgments § 822. As such, it must be pleaded and proved, or the defense is deemed waived. Posternack v. American Cas. Co. of Reading, 421 Pa. 21, 218 A.2d 350 (1966). A party can, therefore, waive or be estopped from raising the defense of res judicata without violation of the generally accepted doctrine that parties cannot confer jurisdiction or deprive the court of jurisdiction by their actions. Cf. Gahn v. Gahn, 10 Terry 368, 116 A.2d 902 (Del.Super.1955).

However, in light of the strong public policy of this and all other states in favor of providing a certain end to litigations (See Iowa-Wisconsin Bridge Co. v. Phoenix Finance Corp., 2 Terry 527, 25

A.2d 383 (Del.Supr.1942), cert. den. 317 U.S. 671, 63 S.Ct. 79, 87 L.Ed. 539) such waivers must be clear and unequivocal and should be strictly construed against the party asserting waiver.

I must, then, decide the effect of the stipulation upon which the parties agreed on February 24, 1970. It is stated in the stipulation that the considerations motivating its execution were " . . . the desirability of determining the aforementioned question of collateral estoppel before trial and the right of the plaintiff to proceed with trial . . . " Accordingly, the parties stipulated that notwithstanding that the Court should decide that the plaintiff was *collaterally estopped* from proceeding with the action by reason of the prior action in Pennsylvania, the plaintiff " . . . *shall be entitled to proceed* . . . " unless the court shall also decide that such estoppel was effective on February 25, 1970 . . . " (Emphasis added.) Two things clearly emerge from this stipulation: (1) the stipulation clearly and repeatedly limits its effect to the question of collateral estoppel, and (2) should collateral estoppel not be found to exist on February 25, 1970, plaintiff would then be entitled to proceed with trial.

■ From these two statements, I must conclude that the stipulation was not intended to prevent a subsequent motion for summary judgment should the Pennsylvania litigation result in a final judgment. Had this result been intended, surely plaintiff would have included some language stating that the issue of res judicata was also to be considered by the Court. Also, the language of the stipulation giving the plaintiff the right merely to proceed with the trial does not express an intention that the defendant would thereafter be precluded from raising the issue of res judicata later in the course of the trial.

■ Plaintiff may argue that under this construction of the stipulation, it gave up the right to proceed with trial and to exclude an untimely motion in return for nothing of any benefit, the delay of the defendant's motion being only a detriment subjecting the plaintiff to subsequent motions such as the one now pending. It should be recognized, however, that the plaintiff had no "right" to proceed with this trial where a trial involving the same parties and the same issues and arising out of the same cause of action was proceeding elsewhere. A stay of this proceeding until the outcome of the Pennsylvania action was known would have been entirely proper. General Foods Corp. v. Cryo-Maid, Inc., 41 Del.Ch. 474, 198 A.2d 681 (Del. Supr.1964). Furthermore, in the absence of a motion for a stay, defendants had the right to submit a motion based on the prior action in Pennsylvania at the time it became final where their actions do not reveal an intent to abandon or waive the effect of the prior action. Epstein v. Chatham Park, Inc., 2 Storey 56, 153 A.2d 180 (Del.Super.1959); 50 C.J.S. Judgments § 825.

It appears that the intent of the parties was to permit a motion for summary judgment on the ground of collateral estoppel, but to avoid prejudice to the plaintiff by delay in the filing of the motion by fixing the date at which collateral estoppel had to attach in order to be effective for the purposes of that motion.

This construction of the stipulation is not inconsistent with the decision of the Supreme Court or with its denial of reargument based on the finality of the Pennsylvania judgment. The decision of the Supreme Court clearly limited its review to the facts as stipulated, i. e. the facts as they appeared on February 25, 1970. However, I can find nothing in the decision giving the stipulation any effect subsequent to the decision of the motion for summary judgment made on February 24, 1970. The Court's phrasing of the issue in terms of *res judicata*, rather than collateral estoppel, merely reflects a decision that collateral estoppel was not a proper ground for summary judgment based on the prior litigation. The Court's denial of reargument did

not constitute a decision on the merits of the ground for reargument, or decide that those grounds could not be raised in a subsequent motion; the denial of reargument only acted to exclude from consideration facts inconsistent with the facts to which the parties stipulated.

I conclude that the stipulation of February 24, 1970, pertained only to the motion for summary judgment then made, and is of no present effect. The prior judgment in Pennsylvania is conclusive on the issue of defendant's liability to plaintiffs arising out of the accident on April 4, 1967, and acts as a bar to the further prosecution of this case.

The stipulation entered into by the parties at the urging of this Court appears to be an order designed to do the impossible. Counsel for the parties responded to the urging of this Court without considering the broader implications of such a stipulation. We must look at the facts as they are now.

Defendants' motion for summary judgment is therefore granted. It is so ordered.