## Murray, Administrator v. Young, Administratrix

*Mark B. Aronson,* for plaintiff.
*Herbert Grigsby,* for defendant.

KLEIN, J., August 14, 1972.—This wrongful death and survival action was commenced on July 7, 1971, by plaintiff filing a praecipe for writ of summons. On September 27, 1971, plaintiff filed his complaint after being ruled to do so. (Previously, plaintiff commenced an action arising out of the same motor vehicle accident and involving substantially the same parties by praecipe for writ of summons at no. 1489-1970 in this court, and also filed suit in the Federal District Court. Said latter suit has been discontinued.)

On December 30, 1971, defendant filed an answer specifically denying that defendant's decedent was the operator of the motor vehicle at the time of said accident. Both plaintiff's decedent and defendant's decedent were occupants of the same vehicle and were killed in the collision.

On May 22, 1972, defendant presented a "Petition to Extend Time for Filing New Matter" and a rule issued upon plaintiff to show cause why the prayer of the petition should not be granted. Plaintiff filed an answer and supplemental answer to said petition, claiming (1) that the time for filing new matter had passed; (2) that the affirmative defense which defendant intends to assert, the Ohio Guest Statute, is not applicable; and (3) that defendant has no standing to assert said defense because defendant has denied that defendant's decedent was the operator of the vehicle and has no intention of clearly admitting that he was

(and thereby relieve plaintiff of the burden of proof as to said essential fact.) Briefs were filed and oral argument had on July 24, 1972.

Since the rules do not provide for a separate pleading as to new matter, the question before us is, "Should defendant be permitted to file an amended answer containing new matter which sets forth as an affirmative defense, the Ohio Guest Statute, which was not previously pleaded and which is inconsistent with defendant's answer denying that defendant's decedent was the driver?"

Pennsylvania Rule of Civil Procedure 126 provides that the Rules of Civil Procedure are to be "liberally construed to secure the just, speedy and inexpensive determination of every action . . ."

Pa. R. C. P. 1020(c) provides:

"Causes of action *and defenses* may be pleaded in the alternative." (Italics supplied.)

Pa. R. C. P. 1033 provides:

"A party . . . may at any time . . . amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action *or defense.* . . ." (Italics supplied.)

In the case of Posternack v. American Casualty Company of Reading, 421 Pa. 21 (1966), the Supreme Court reiterated that:

"It has long been the law in this Commonwealth that an amendment to the pleadings is a matter of judicial discretion. [Citation] By the same token, it is equally well established that such amendments should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law. [Citations]."

There is no indication of any surprise. Nor is there an allegation of prejudice to plaintiff. As the court said in Posternack, supra:

"The fact that the amendment may affect the cause of the adverse party is not, in itself, sufficient reason to deny the amendment."

Plaintiff asserts that the Ohio Guest Statute does not apply in this case. While it is true that an amendment showing an error of law on its face should not be allowed, we are not convinced that such an error is patently evident here.

It may well be that subsequently it will be ruled that the Ohio statute does not apply, but, on the face of the record at this time, we cannot so conclude. Plaintiff asserts in his brief that both decedents were employed in Pennsylvania and that this trip commenced in Pennsylvania (as well as the accident occurring on a Pennsylvania highway), but these allegations are not yet facts established in the pleadings. The pleadings do show that both decedents were domiciled in Ohio.

Under decisions of the Supreme Court of Pennsylvania in Cipolla v. Shaposka, 439 Pa. 563 (1970); Kuchinic v. McCrory, 422 Pa. 620 (1966); McSwain v. McSwain, 420 Pa. 86 (1960), and the landmark case, Griffith v. United Air Lines, Inc., 416 Pa. 1 (1964), we must determine whether Ohio or Pennsylvania has the greater interest in the application of its law to the question before us by the following test:

"In determining which state has the greater interest in the application of its law, one method is to see what contacts each state has with the accident, the contacts being relevant only if they relate to the 'policies and interests underlying the particular issue before the court.' . . . When doing this, it must be remembered that a mere counting of contacts is not

what is involved. The weight of a particular state's contacts must be measured on a qualitative rather than a quantitative scale": Cipolla, supra, p. 566.

See also the excellent, well-reasoned opinion of President Judge Stranahan in the Mercer County case of Golub v. McLaughlin, 51 D. & C. 2d 718 (1971); and *Symposium* on Cipolla v. Shaposka, 9 Duquesne Law Review 347 (1971).

Plaintiff makes much of the fact that defendant has not previously alleged or admitted that defendant's decedent was the driver and argues that defendant must "clearly take the position that his decedent was the operator of the automobile." However, such an assertion, *in these circumstances,* flies squarely into the face of our Rules of Civil Procedure which provide for (1) a liberal construction of said rules, and (2) allowing amended pleadings at any time, even though they give rise to a new defense, and (3) permitting the pleading of defenses in the alternative.

It is true that the alternate character under the rule relates to the relief sought rather than to the facts, but the purpose is to avoid the pleading of a "theory of the case" which will affect recovery because of the choice of a wrong legal remedy. We recognize also that the rule does not sanction or permit a party to throw into his pleading every conceivable alternative and inconsistent statement of fact or theory that the ingenuity of counsel can concoct. See 1 Goodrich-Amram, § 1020(c)-1, including 1972 supplement.

However, in this case, although it involves pleading inconsistent facts (unless defendant in his amended answer pleads a no knowledge, proof demanded reply to the allegations that defendant's decedent was the driver), its real and ultimate purpose is to avoid a recovery by plaintiff by reason of defendant's choosing

the wrong "theory" when a legal defense may otherwise be available.

In a case which originated in Beaver County, the Superior Court ruled that:

"A party pleading in the alternative cannot be required to elect *upon which theory or which claim or defense* he rests his case. To require him to make an election would defeat the purpose of permitting him to plead in the alternative": Laughlin v. McConnel, 201 Pa. Superior Ct. 180 (1963). (Italics supplied.)

Indeed, we may have reached a different conclusion in this case if the parties to the accident were alive and capable of aiding in the preparation of the pleadings. However, this is a suit between personal representatives of decedents in their representative capacities, and, therefore, in the interest of a just determination of this action, we will exercise our discretion by permitting defendant to file an amended answer containing new matter as requested, to which plaintiff will have an opportunity to file a reply.

In conclusion, we are constrained to point out that this entire controversy may be more academic than of substance. Plaintiff has alleged that defendant's decedent operated the vehicle at a high and grossly excessive rate of speed and "criss-crossed the highway on three separate occasions as it approached the truck" coming in the opposite direction and that the collision occurred in the truck's lane of traffic. The deposition of the truck driver indicates that the collision occurred on the berm of the road adjacent to the truck's lane. He testified that all of the truck's wheels were off the road at the time of impact as a result of his extraordinary effort to avoid the impending collision. The deposition indicates other circumstantial evidence from which it may properly be inferred that

the negligence was wanton. If it is proven that the negligence was wanton, plaintiff would be entitled to recover under the Ohio statute, even if it is held to apply to this case. See Ohio Revised Code, Annotated, §4515.02.

On the issue of wanton negligence, see Restatement, Torts 2d, §500 and Fugagli v. Camasi, 426 Pa. 1.

ORDER

And now, August 14, 1972, for the reasons stated in the foregoing opinion, it is hereby ordered, adjudged and decreed that defendant be permitted to file an amended answer containing new matter asserting the Ohio Guest Statute as an affirmative defense. Said amended answer is to be filed within 10 days of the date of this order and plaintiff may file his reply within 20 days from the date he is served with a copy of said amended answer.