364 A.2d 951
## JOHN McSHAIN, INC.
### v.
## CESSNA AIRCRAFT COMPANY and Wings, Inc., Appellants.

Superior Court of Pennsylvania.
Sept. 27, 1976.

Rawle & Henderson, William A. Zurzolo, Gordon W. Gerber, Norbert Bergholtz, Philadelphia, for appellants.

Henry B. Fitzpatrick, Jr., E. G. Weiss, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge.

This case originated as an action in equity in the Court of Common Pleas of Philadelphia County for rescission of a contract to purchase a Cessna 421 A Aircraft manufactured by appellant Cessna Aircraft Company and sold to appellee John McShain, Inc. by appellant Wings, Inc. The basis for rescission is the allegation that the aircraft was defectively designed, manufactured or rigged. The case has not yet come to trial. Appellants are appealing from an order denying their motions for permission to amend their answers by adding the affirmative defense of collateral estoppel because of developments in a second suit between the same parties.

After initiating this action, appellee filed a second complaint against Cessna in the United States District Court for the Eastern District of Pennsylvania alleging again that the aircraft was defective in design, manufacture and assembly and that it could not be rigged safely for flight. Cessna joined Wings, Inc. as a third party defendant, but at the trial its third party complaint against Wings was dismissed on its motion.

Trial in the federal court began May 16, 1975, and lasted a month. In answer to special interrogatories, the jury found that the landing gear and retraction system of the aircraft were not defective in design. In accordance with the court's instructions in the special interrogatories, the jury was required to assess damages against Cessna for the loss resulting from a defective bolt in the

aircraft, an item for which Cessna had agreed to assume responsibility. The jury accepted Cessna's estimate of $11,734.66 as the cost of that repair and judgment was entered against Cessna on June 12, 1975, in that amount. Appellee filed a motion for a new trial which has not been acted upon due to a delay in the preparation of the trial transcript.

On October 6, 1975, Wings and Cessna filed motions in this case seeking a continuance and a stay of action pending resolution of appellee's motion for a new trial in the federal court. The requests were denied.

Cessna and Wings then filed separate motions seeking leave to amend their answers to plead as new matter the affirmative defense of collateral estoppel. In the Cessna motion the new matter was averred to be the finding of the federal court jury that the landing gear and retraction system were not defective in design. In the Wings motion the new matter was the dismissal by the federal court of Cessna's claim against Wings. The court below entered orders denying both appellants leave to amend their answers and filed an opinion setting forth the reason for its decision. These are appealable orders: *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 23-24, 218 A.2d 350 (1966).

The lower court justified its refusal to permit amendments by addressing itself to the validity of the defenses offered in the amendments in the present posture of the case. It concluded that collateral estoppel cannot prevail until there is a final judgment in the federal case and that the federal judgment is not yet final because a motion for a new trial is pending.

The court erred in reaching that conclusion at this stage of the proceeding. The issue before the court was not whether the doctrine of collateral estoppel was valid at the pleading stage, but whether the appellants should be given the opportunity of attempting to prove its valid-

ity at the time of trial. The lower court was not being asked to enter judgment for the appellants, but merely to grant them leave to assert matters which arose after their initial answers had been filed. Under these circumstances, the lower court need not and should not decide whether or not the matters sought to be pleaded can ultimately be sustained. This position is clearly stated in *Posternack* where it was ruled (421 Pa. 21, 25, 218 A.2d 350, 352):

> "On the posture of the present record, it is far from clear whether or not the doctrine of res judicata should be applied . . . The facts need enlargement on this facet of the case, and the only manner in which this can be accomplished is to permit the amendment."

An amendment to pleadings is a matter of judicial discretion. It is well established that such amendments should be liberally allowed except where surprise or prejudice will result or where the amendment is against a positive rule of law: *Posternack, supra* (421 Pa. 21, 24, 218 A.2d 350) ; *Berman v. Herrick,* 424 Pa. 490, 492, 227 A.2d 840 (1967). There appears to be no such circumstance in this case. It is stated in the lower court's opinion that, "There seems to be no issue as to the timeliness or propriety of defendant's filing its motion to amend." No adverse rule of law has been suggested.

If the lower court's denial of appellants' motions to plead collateral estoppel is allowed to stand, they will be denied the opportunity to assert an affirmative defense regardless of the finality of the District Court judgment at the time of trial.

Appellee makes the further argument, not discussed by the lower court, that the issues litigated and determined in the federal case were not precisely the same as the issues in this case. It argues that the federal jury, in its special interrogatory, merely found that the landing gear and retraction system were not defectively designed, but

did not find that the landing gear and retraction system were not defective. The time to determine that issue is at the trial of this case rather than at the pleading stage.

The orders of the court below denying appellants' motions to amend their pleadings are reversed.

PRICE, J., dissents.