429 A.2d 9

**Robert E. HUGHES and Anne K. Hughes, his wife**

**v.**

**Stephen PRON and Margaret Pron, his wife**

**v.**

**YAMULLA TRUCKING & EXCAVATING COMPANY, INC., Appellant,**

**v.**

**Clark SMITH.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1980.

Filed April 24, 1981.

420

422

Roger N. Nanovic, Jim Thorpe, for appellant.

Paul R. Mazzoni, Scranton, submitted a brief on behalf of Hughes, appellees.

Merton E. Jones, Wilkes-Barre, for Pron, appellees.

Linda Wallach Miller, Mount Pocono, for Smith, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

On July 14, 1976, appellees Robert and Anne Hughes brought this ejectment action against appellees Stephen and Margaret Pron in the Court of Common Pleas, Carbon County. The Hughes' alleged, and eventually proved at trial, that in 1966–7, the Prons had mistakenly erected a house on the Hughes' property in a large development known as Lake Harmony Estates in the Pocono Mountain area. Following an unsuccessful attempt to settle the property dispute themselves, the Hughes filed suit against the Prons, who joined appellant Yamulla Trucking and Excavating Co., Inc., the owner of the Lake Harmony Estates, as an additional defendant. The Prons alleged that the house was mistakenly built upon the Hughes' land because of the negligence of Yamulla's agent, one Macalush, who had assured the Prons that the residence was being constructed on the right lot. Yamulla demanded a jury trial and joined as an additional defendant the building contractor, appellee Clark Smith, averring that it was Smith's negligence which caused the errant building.

The case came on for trial before the court below without a jury and on May 1, 1979, the following occurred: in the case of *Hughes v. Pron*, the court found in favor of the Hughes and ordered the Prons to remove the encroachment from the Hughes' lot and to pay to the Hughes the amount of $40.00 per month for loss of mesne profits from July 14, 1970 to the date of removal of the house. The court then ordered that the two cases of *Pron v. Yamulla* and *Yamulla v. Smith* be severed from *Hughes v. Pron* and tried together

at a later date "in furtherance of convenience." See Pa.R. C.P. 213(b). Yamulla filed exception to the non-jury decision in *Hughes v. Pron*, which exceptions were dismissed by the court. Yamulla appealed that order to this Court at No. 522, Philadelphia, 1980. At approximately the same time, Yamulla moved for summary judgment and requested leave to file an amended answer with new matter. Both motions were denied and Yamulla appealed to our Court at No. 1504 October Term, 1979.

The cases of *Pron v. Yamulla* and *Yamulla v. Clark* proceeded to trial before a jury on June 28–9, 1979. Verdicts were returned against Yamulla in both actions. Yamulla's motion for a new trial and judgment n. o. v. were denied and an appeal was taken at No. 523 Philadelphia, 1980. All three of Yamulla's appeals have been consolidated and will be disposed of in one opinion.

### No. 522, Philadelphia, 1980

The lower court dismissed appellant Yamulla's exceptions to the non-jury decision because appellant was not a "party" within Rule 1038(d) and thus lacked standing. We agree. Rule 1038(d) provides in pertinent part:

(d) Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial.

Clearly, the right to file exceptions to a non-jury decision rests only with a "party to the decision." Once *Pron v. Yamulla* and *Yamulla v. Clark* were severed from *Hughes v. Pron*, Yamulla was no longer a party to the latter case and lacked standing to file exceptions under Rule 1038(d). Cf. *Churchill v. Eakin*, 233 Pa.Super. 466, 335 A.2d 378 (1975). We will thus affirm the order dismissing appellant's exceptions.

### No. 1504, October Term, 1979

Following the court's decision in the non-jury trial, appellant Yamulla moved for summary judgment and re-

quested leave under Pa.R.C.P. 1033 to file an amended answer to the Prons' complaint so that it may plead the statute of limitations. Both petitions were denied by order of court dated June 19, 1979, and appellant brought this appeal. It is clear that an order denying a motion for summary judgment is interlocutory and not appealable. *Pa. Turnpike Commission v. Atlantic Richfield Co.*, 482 Pa. 615, 394 A.2d 491 (1978); *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 341 A.2d 174 (1975). That portion of the court's order, however, refusing leave to amend appellant's answer would appear to be "final" and thus appealable:

> In *Posternack v. American Casualty Co.*, 421 Pa. 21, 218 A.2d 350, we stated that where the new proposed defense is affirmative in character, and thus must be pleaded or be deemed to have been waived, the order of the court denying the [petition to amend] precludes proof of such defense at the time of trial and, accordingly, as to that defense the order "puts the defendant out of court,"

and is therefore an appealable order. *Grota v. La Boccetta*, 425 Pa. 620, 623, 230 A.2d 206, 207 (1967). See also, *McShain, Inc. v. Cessna Aircraft Company*, 243 Pa.Super. 220, 364 A.2d 951 (1976); *Pellegrine v. Home Insurance Company*, 200 Pa.Super. 48, 186 A.2d 662 (1962). Since that statute of limitations is an affirmative defense, Rule 1030, the order denying the petition to amend is appealable.[1]

▮ The lower court refused the motion to amend the answer on the ground that the statute of limitation defense would have been of no merit. This was an improper basis upon which to deny a petition under Rule 1033. In *McShain*, supra, the trial court had found that a proposed defense of collateral estoppel had no merit and thus denied the defendants' motions for leave to amend their answers to plead same. We said:

> The court erred in reaching that conclusion at this stage of the proceeding. The issue before the court was not

1. The appeal from this order was not filed until after the jury trial had ended. If it had been filed before the trial, the effect would have been to terminate the proceedings at that stage. Pa.R.App.P. 1701(d).

whether the doctrine of collateral estoppel was valid at the pleading stage, but whether the appellants should be given the opportunity of attempting to prove its validity at the time of trial. The lower court was not being asked to enter judgment for the appellants, but merely to grant them leave to assert matters which arose after their initial answers had been filed. Under these circumstances, the lower court need not and should not decide whether or not the matters sought to be pleaded can ultimately be sustained.

243 Pa.Super. at 221, 364 A.2d at 952.

Likewise, the court instantly was premature in deciding the merits of the proposed defense. The proper axiom to guide the court in ruling on a motion under Rule 1033 has been oft-stated by our courts: the allowance of an amendment to a pleading is a matter within the sound discretion of the trial court. *Berman v. Herrick*, 424 Pa. 490, 227 A.2d 840 (1967); *Junk v. East End Fire Dept.*, 262 Pa.Super. 473, 396 A.2d 1269 (1978); *Potts Manufacturing Co. v. Loffredo*, 235 Pa.Super. 294, 340 A.2d 468 (1975). Such amendments should be liberally allowed except where surprise or prejudice to the other party will result or where the amendment is against a positive rule of law. *Bogert v. Allentown Housing Authority*, 426 Pa. 151, 231 A.2d 147 (1967); *Gregg v. Gacon Coast Company*, 249 Pa.Super. 377, 378 A.2d 344 (1977); *West Penn Power Co. v. Bethlehem Steel Corp.*, 236 Pa.Super. 413, 348 A.2d 144 (1975).

We are persuaded, however, that even if the court had applied the correct standard and had allowed the amendment, the proferred defense was of no merit. Appellant theorizes that its trespass or negligence occurred, if at all, in 1966–7 when the Prons first discovered that their house was erected on the wrong lot. Thus, appellant argues that the statute of limitations began to run at that time and had long since expired by the time suit was filed in 1976.[2] Appellant, however, has misconstrued his status as an additional defendant in this litigation. While the plaintiffs

2. Appellant suggests that the proper limitation is six years, found in the 42 Pa.C.S.A. 5527(b).

426

herein, Robert and Anne Hughes, may have been barred by the statute from bringing suit against appellant, this had no effect upon the Prons' ability to join appellant as an additional defendant:

> " 'The fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant can have no effect on the defendant's right to enforce his claim of contribution or indemnity. The cause of action owned by the plaintiff is distinct from the cause of action arising out of the duty of the additional defendant to indemnify the defendant.' Goodrich-Amram Rules of Civil Procedure, Comments on Rule 2252(a)–9."

*Kitchen v. Borough of Grampion,* 421 Pa. 464, 466, 219 A.2d 685, 686 (1966) quoting, *Carlin v. Pennsylvania Power & Light,* 363 Pa. 543, 70 A.2d 349 (1950). Since the pleadings instantly alleged that appellant Yamulla was liable over to the Prons, the latter may "insist upon the retention of [appellant] . . . as an additional defendant because, although the *plaintiff* would not be able to enforce any judgment received against [appellant], [the Prons] might be able to establish against it a right of contribution." *Shaull v. A.S. Beck New York Shoe Company,* 369 Pa. 112, 116, 85 A.2d 698, 701 (1952); *Dickson v. Lewandowski,* 228 Pa.Super. 57, 323 A. 2d 169 (1974); *Trinity Area School District v. Dickson,* 223 Pa.Super. 546, 302 A.2d 481 (1973). The statute of limitations upon the Prons' cause of action for contribution or indemnity began to run only "when a judgment [was] entered in favor of the plaintiff [Hughes]" Goodrich-Amram 2d, 2252(a):9, Anderson, Pa. Practice, 2252.43. Joinder in this case was thus not barred by the statute.

Accordingly, to the extent the court below refused appellant's motion to amend its answer, we will affirm. As to appellant's attempt to appeal the denial of his motion for summary judgment, we will quash.

No. 523, Philadelphia, 1980

Yamulla alleges error in the refusal of the court to grant his motions for a new trial and judgment n. o. v. in the jury trial of *Pron v. Yamulla v. Clark.*

During the charge, the court made clear to the jury that they must consider two separate cases: the liability of Yamulla to the Prons, and that of Smith to Yamulla. R.R. 276–77a. Appellant now contends that the jury should have been permitted to return a verdict in favor of the Prons against Smith or against Smith and appellant jointly. Appellant relies heavily upon Pa.R.C.P. 2255(d) which provides:

> (d) The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability.

See, *Sheriff v. Eisele*, 381 Pa. 33, 112 A.2d 165 (1955). Appellant suggests that, for purposes of the jury trial herein, the Prons could be considered a "plaintiff" under the Rule and thus could have recovered against Smith even though the Prons did not join Smith and filed no pleadings against him. The authorities are unanimous, however, that the Prons were not a "plaintiff" within Rule 2255(d):

> Subdivision (d) of Rule 2255 permits recovery by a "plaintiff" against an additional defendant. Is this "plaintiff" confined to the original plaintiff commencing the action or does it include other parties asserting claims?
>
> To illustrate, assume that P commences an action against D1, D1 joins D2 as an additional defendant, and D2 joins D3 as an additional defendant. Can D1 claim that he is a "plaintiff" as to D2 and that he should therefore be able to recover from D3? Or is P the only "plaintiff" who may claim the benefit of Rule 2255(d)? The Rule specifies "the plaintiff" and there is nothing to indicate that this should not be given the meaning of the party who is in fact the initial plaintiff, as distinguished from a party who for some purposes is in the position of a plaintiff. It should therefore be held that only the original plaintiff in the action may claim the benefit of subdivision (d).

Goodrich-Amram, 2255(d):10, Anderson, Pa. Practice, 2255.- 46. *Pushnik v. Winky's Drive-In Restaurants*, 242 Pa.Super. 323, 363 A.2d 1291 (1976), cited by appellant, is illustrative of

the liability chain contemplated by Rule 2255(d). *Pushnik* does *not*, as appellant urges, transform a defendant into a plaintiff and does not imbue the Prons with the benefits of Rule 2255(d). The Prons did not join appellee Smith and had no right of recovery against him. The court's charge was thus proper.

Appellant's remaining contention, that these cases should have been heard in equity and severance avoided, was not posited in post-trial motions. This issue is thus not preserved for review.[3]

Accordingly, for the reasons expressed herein, the order and judgment appealed from at Nos. 522 and 523 Philadelphia, 1980 are affirmed. As to the appeal at No. 1504, October Term, 1979, we affirm in part and quash in part.

**3.** In its opinion, the court below very briefly discussed the severance issue, even though not raised in post-trial motions, and resolved same against appellant. We merely note our agreement with court's resolution of this issue. The court did not address itself to the question of whether the case should have been tried in equity.