469 A.2d 233

**Jeffrey Lynn SECHLER and Winnie Godin Sechler, his wife**

v.

**ENSIGN–BICKFORD COMPANY, a Subsidiary of E–B Industries, Inc., a Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued March 30, 1983.

Filed Dec. 9, 1983.

Ronald W. Crouch, Pittsburgh, for appellant.

John P. Joyce, Pittsburgh, for appellees.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

This is an appeal from the order denying appellant's motion to amend its Answer and New Matter. Appellant contends that the order was final and thus appealable and that the denial of its motion constituted an abuse of discretion by the lower court. We find that the order was interlocutory and non-appealable and, accordingly, quash this appeal.

This action was instituted on May 8, 1978, when appellees filed a Complaint in Assumpsit. The Complaint alleged, *inter alia,* that appellant manufactured a defective fuse; that the defect caused personal injuries to Jeffrey Lynn Sechler following an explosion of dynamite; that appellant failed to provide warnings of the danger inherent in the fuse; and that appellant breached warranties of merchantability and fitness for a particular purpose. Appellant, in its original Answer, denied that there was any latent defect in the fuse and that it had breached any warranties. Extensive discovery followed and after numerous delays trial was set for September, 1981. Appellant engaged additional counsel on April 20, 1981, who filed the motion to amend the Answer and New Matter on May 22, 1981. In its amended Answer and New Matter, appellant sought to raise the

following defenses: (1) that instructions on the proper use of its product were provided with the product; (2) that all warranties of merchantability and fitness for a particular purpose were disclaimed at the time of sale; (3) that the act of parties not associated with Ensign-Bickford in changing, removing, or otherwise making unavailable warnings and instructions in the use of the product was an intervening and/or superseding cause of the Sechlers' injuries; and (4) that the product did not reach Jeffrey Sechler in the same condition in which it was manufactured and sold by Ensign-Bickford, but rather had been materially altered. The motion was denied and this appeal followed.

Appellant first contends that the order of the court below is not interlocutory, but a final and thus appealable order.[1] See 42 Pa.C.S.A. § 742; Pa.R.A.P. 341. " 'Finality' exists when the practical effect of an order is to put the defendant out of court..." *Balter v. Balter*, 284 Pa.Super. 350, 355, 425 A.2d 1138, 1140 (1981).

Appellant argues that several Pennsylvania cases holding that the denial of a defendant's motion to amend its answer to allege a new affirmative defense is a final order support its contention that the instant order is a final one. For example, in *Posternack v. American Casualty Co.*, 421 Pa. 21, 218 A.2d 350 (1966), the Supreme Court stated:

> The new defense proposed is affirmative in nature and must be pleaded, otherwise it is waived. See, Pa.R.Civ.P. 1030, 1032, and *Lang v. Recht*, 171 Pa.Super. 605, 91 A.2d 313 (1952). The order involved effectively precludes proof at trial of what might possibly be a complete defense to the cause sued upon. As to this defense, at least, the order appealed from puts the defendant "out of court". It is, therefore, an appealable order.

*Id.*, 421 Pa. at 24, 218 A.2d at 351. Accord *Hughes v. Pron*, 286 Pa.Super. 419, 429 A.2d 9 (1981) (seeking to plead

---

1. Unless a special right to appeal is expressly given by statute, an appeal may only be taken from a final order. *Pellegrine v. Home Insurance Co.*, 200 Pa.Super. 48, 186 A.2d 662 (1963); See Pa.R.A.P. 311.

statute of limitations); *John McShain, Inc. v. Cessna Aircraft Co.*, 243 Pa.Super. 220, 364 A.2d 951 (1976) (seeking to plead collateral estoppel); *Grota v. LaBoccetta,* 425 Pa. 620, 230 A.2d 206 (1967) (seeking to plead an alleged release); *Helms v. Chandler,* 423 Pa. 77, 223 A.2d 30 (1966) (seeking to plead alleged lack of cooperation of insured as required by an insurance policy); Ct. *Adcox v. Pennsylvania Mfg. Assn. Cas. Ins. Co.,* 419 Pa. 170, 213 A.2d 366 (1965).

The holdings of these cases, as is clear from *Posternack,* are clearly based on the fact that affirmative defenses must be pleaded, otherwise they will be considered waived. This result is mandated by Pa.R.C.P. 1030 and 1032 which provide in relevant part as follows:

Rule 1030. New Matter

All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel failure of consideration, fraud, illegality, immunity from suit, impossibility of performance, laches, license, payment, release, res judicata, and waiver and, unless previously raised by demurrer and sustained, the defenses of statute of frauds and statute of limitations, shall be pleaded in a responsive pleading under the heading "New Matter".

Rule 1032. Waiver of Defenses. Exceptions

A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply...

We note, however, that this court has held that "Pa.R. C.P. 1032 means only that the affirmative defenses listed in Rule 1030 are waived at trial if not properly raised in the pleadings..." *Sheppard v. First Pennsylvania Banking & Trust Co.,* 199 Pa.Super. 190, 192, 184 A.2d 309, 311 (1962).

We note further though that at the time *Sheppard* was decided, Rule 1030 provided:

The defenses of accord and satisfaction, arbitration, and award, discharge in bankruptcy, duress, estoppel, failure

of release, res judicata, statute of frauds, statute of limitations and waiver shall be pleaded in a responsive pleading under the heading "new matter." *Any other affirmative defense may be similarly pleaded.* (Emphasis added).

Since Rule 1030 now requires *all* affirmative defenses to be pleaded as "New Matter", we believe that the sanction of Rule 1032 as construed by *Sheppard* now extends to all affirmative defenses, not only to those specifically listed by Rule 1030.[2]

■ Thus, the conclusion we draw from *Posternack* and *Sheppard* is that an order denying a motion to amend an Answer is only appealable when that proposed amended Answer sought to raise a new affirmative defense. Therefore, the question in the case *sub judice* becomes whether the defenses appellant attempted to raise in its proposed amended Answer and New Matter are affirmative defenses. Clearly, they are not defenses listed as affirmative defenses by Rule 1030; we must thus determine whether they are affirmative defenses not listed by this rule.

In making this determination, we will first examine what constitutes an affirmative defense. "The term 'New Matter' [under which heading Rule 1030 requires affirmative defenses to be pleaded] embraces matters of confession and avoidance as understood at common law, and has been defined as matter which, taking all the allegations of the complaint to be true, is nevertheless a defense to the action." Standard Pennsylvania Practice 2d § 26:42 (citing *Pisiechko v. Diaddorio*, 230 Pa.Super. 295, 326 A.2d 608 (1974)). "New matter ignores what the adverse party has averred and adds new facts to the legal dispute on the theory that such new facts dispose of any claim or claims which the adverse party had asserted in his pleading." 2 B Anderson Pa.Civ.Prac. § 1030.12. As noted in Anderson, pleaders often confuse specific denials with new matter.

---

**2.** An example of such an unlisted affirmative defense would be any defense based upon justification or excuse. Goodrich-Amram 2d. § 1030:1.4.

"[A] specific denial in contrast to new matter, merely tells what happened in place of the averment of the adverse party which is denied." Id. For example, "a denial of the contract pleaded by the plaintiff and the assertion of a different contract or the denial that the defendant is in control of premises and that a third person is in control is fundamentally a traverse and not an avoidance and may not be pleaded as new matter." Goodrich-Amram 2d § 1030:1.-4.

██ Instantly, after considering appellant's proposed defenses in light of the preceding criteria, we conclude that they are not affirmative defenses. Appellant's averments that warnings were delivered with the product; that other parties removed or otherwise did not make the warning available to Mr. Sechler; and that all warranties were disclaimed, simply denies appellees' allegations that warnings were not provided and that warranties were breached and tells what happened in place of these allegations. Appellant's further averments that the acts of other parties as to the warnings were superseding and intervening causes of appellees' injuries and constituted a material alteration of the product after sale are nothing more than legal conclusions based on the specifics of its denials.

Since the proposed amended Answer and New Matter did not seek to raise a new affirmative defense, the order denying the motion to amend is non-appealable and we must, accordingly, quash the appeal.

Appeal quashed.

CAVANAUGH, J., filed a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I respectfully dissent. I would hold that the proposed amendment and new matter had the characteristics of affirmative defenses and would therefore not quash the appeal. *Posternack v. American Casualty Co.*, 421 Pa. 21, 218 A.2d 350 (1966). I would also find that the court abused its discretion in not permitting the amendment.