374 Pa. Superior Ct. 13 (1988)
542 A.2d 123
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant,
v.
NICHOLSON CONSTRUCTION COMPANY, a Corporation.
Supreme Court of Pennsylvania.
Submitted October 16, 1987.
Filed April 25, 1988.
Reargument Denied June 8, 1988.
*15 Jack L. Cherkin, Pittsburgh, for appellant.
Ingrid S.M. Lundberg, Pittsburgh, for appellee.
Before BROSKY, DEL SOLE and HOFFMAN, JJ.
HOFFMAN, Judge:
This appeal is from an order granting a motion for summary judgment in favor of defendant-appellee and against plaintiff-appellant. Appellant contends that the lower court erred in determining that its cause of action for contribution was barred by the applicable statute of limitations. *16 We disagree and, accordingly, affirm the lower court's order.
On February 5, 1985, appellant commenced this action against appellee seeking statutory contribution in the amount of $28,732.59 arising from an earlier lawsuit. Anthony Pietrzyk, appellee's employee, was seriously injured in a work-related accident which occurred on November 11, 1971. Pietrzyk then filed a lawsuit against Phillips Construction Co., who was the subcontractor on the work site and insured by appellant. Phillips Construction Company joined appellee as an additional defendant in the action[1]. Following a jury trial, appellant and appellee were found jointly and severally liable and Pietrzyk was awarded $125,000.00 in damages. On October 14, 1977, appellant paid $91,231.59 of the verdict, representing the difference between the verdict and the $33,768.41 worth of workmen's *17 compensation benefits already received by Pietrzyk. The docket reflected that the verdict was marked "satisfied and costs paid."
There was no further action taken on this case until February 21, 1984, when Pietrzyk filed a petition to reinstate his rights pursuant to the Worker's Compensation Act,[2] 77 Pa.S.A. §§ 1-601. Appellee settled the claim and agreed to pay Pietrzyk 40% of his weekly benefits to be applied towards his pro rata share of counsel fees. Appellant then initiated this contribution action against appellee seeking to recover the undisposed 60% of Pietrzyk's weekly compensation benefits, which amounts to $36.00 per week, until $28,731.59 is recovered or the compensation payments are terminated. Upon receiving cross-motions for summary judgment, the lower court granted appellee's motion and concluded that appellant's action for contribution was barred by the statute of limitations governing assumpsit actions. This appeal followed.
Appellant initially contends that the summary judgment was improper because its cause of action was not barred by the statute of limitations. Appellant alleges that appellee's unauthorized suspension of compensation payments to Pietrzyk tolled the statute of limitations until 1984 when the compensation payments resumed. Appellant contends further that each weekly compensation payment constitutes an installment and with each installment a new and separate cause of action is created. Appellant reasons that because a new cause of action accrues with each compensation payment, a new limitation period attaches to each payment.
A motion for summary judgment is properly granted "in cases where the right is clear and free of doubt." Consumer Party of Pennsylvania v. Commonwealth of Pennsylvania, 510 Pa. 158, 174-75, 507 A.2d 323, 331 (1986). Pennsylvania Rule of Civil Procedure 1035(b), allows for the grant of summary judgment only when there is no genuine issue of material fact and the moving party is entitled to a *18 judgment as a matter of law. As we stated in Morgan v. Johns-Manville Corp., 354 Pa. Superior Ct. 58, 61, 511 A.2d 184, 186 (1986):
When deciding whether to grant a motion for summary judgment, a court must draw all reasonable inferences in favor of the nonmoving party, Helinek v. Helinek, 337 Pa.Superior Ct. 497, 502, 487 A.2d 369, 372 (1985), and view all of the evidence in a light most favorable to the non-moving party, Rossi v. Pennsylvania State University, 340 Pa.Superior Ct. 39, 48, 489 A.2d 828, 833 (1985).
In Pennsylvania, it is well-established that an action for contribution is based on equitable principles and sounds in contract rather than tort law. See, e.g., Matter of Reading Co., 404 F.Supp. 1249, 1251 (E.D.Pa. 1975). Under the Uniform Contribution Among Tortfeasors Act, 42 Pa.C. S.A. §§ 8321-27, Pennsylvania law provides for a right of contribution among joint tortfeasors if: (1) two or more persons are found jointly and severally liable in tort and (2) if one of the tortfeasors has paid more than his or her pro rata share of the common liability. Id. See also Mattia v. Sears Roebuck & Co., 366 Pa. Superior Ct. 504, 507, 531 A.2d 789, 791 (1987). A joint tortfeasor has the option of pursuing his or her right for contribution either by maintaining a separate and independent action or by having the plaintiff's judgment marked to the use of the party seeking contribution. Puller v. Puller, 380 Pa. 219, 220 n. 1, 110 A.2d 175, 176 n. 1 (1955) (designating plaintiff's judgment allows joint tortfeasor to recover, via subrogation, from other tortfeasors). A joint tortfeasor's right to contribution is distinct from the original action. Hughes v. Pron, 286 Pa. Superior Ct. 419, 426, 429 A.2d 9, 12 (1983). Because of this distinction, the statute of limitations on a contribution action begins to run only when a judgment is entered in favor of the plaintiff in the original action. Id.; Goodrich-Amram 2d 2252(a):9.
The statute of limitations for a contribution action is statutorily governed by 42 Pa.C.S.A. § 5527, which provides that a six year period applies to all civil actions which *19 are not subject to another limitation specified by statute. Because a contribution action is not specifically named within a particular limitations statute, the applicable statute of limitations is § 5527. See 42 Pa.C.S.A. § 5527. Accordingly, in an action for contribution, the applicable limitation period is six years commencing from the entry of judgment against the joint tortfeasors. Id.; see also Kim v. Michigan Ladder Co., 208 F.Supp. 298, 301-02 (W.D.Pa. 1962); Hughes v. Pron, supra.
Here, appellant contends that the statute of limitations has not run on its contribution action because of the resurgence of the weekly compensation benefits. Appellant concedes that the applicable statute of limitations for the instant case is six years. Appellant's Brief at 12. Appellant alleges, however, that the limitation period was tolled for seven years. The right of contribution is an exclusive matter between joint tortfeasors and is not effected by the inability of the original plaintiff to obtain relief from his or her employer under the Worker's Compensation Act. Kim v. Michigan Ladder Co., supra. The receipt of compensation benefits by Pietrzyk does not toll the statute of limitations because Pietrzyk's ability to collect does not effect the separate and independent cause of action that appellant has brought against appellee. Thus, appellant's contribution action is distinct from Pietrzyk's claims for benefits under the Worker's Compensation Act. See Hughes v. Pron, supra. Accordingly, appellant's claim that the payment of weekly compensation benefits gives rise to a series of new causes of action and periods of limitations is without merit. We, therefore, set aside any further consideration of the effect of the Worker's Compensation Act upon appellant's right to pursue an independent action for contribution.
We must next address whether the applicable statute of limitations has run on appellant's contribution claim. It is first necessary to establish when appellant's contribution claim arose. An adverse judgment was entered against appellant and appellee on September 15, 1977. Because the statute of limitations on a contribution action begins to run *20 once judgment is entered against the joint tortfeasors, appellant's right to sue for contribution began on September 15, 1977. See Hughes v. Pron, supra. An action for contribution has a six year statute of limitations. See 42 Pa.C.S.A. § 5527; Kim v. Michigan Ladder Co., supra. Thus, the statute of limitations on appellant's claim had run as of September 15, 1983. Therefore, appellant's action that commenced on February 5, 1985, was effectively barred by the six year limitation period. Accordingly, because no genuine issues of material fact remain to be decided and appellant's action was clearly brought outside the applicable statute of limitations, we affirm the order of the lower court granting appellee's motion for summary judgment.[3]
Affirmed.
NOTES
[1] Prior to February 1, 1975, Pennsylvania law permitted a third party sued by an injured employee to join the employer as an additional defendant for purposes of establishing joint liability to obtain contribution or indemnity to the extent of the statutory employer's compensation limits. See McDevitt v. Terminal Warehouse Co., 346 Pa. Superior Ct. 186, 188-89 n. 1, 499 A.2d 374, 375 n. 1 (1985); Bell v. Koppers Co., Inc., 481 Pa. 454, 457, 392 A.2d 1380, 1382-83 (1978). Thereafter, the Pennsylvania Legislature enacted an amendment to the Pennsylvania Worker's Compensation Act, Section 303(b), Act of Dec. 5, 1974, P.L. 782, No. 263, § 6, which provides:

In the event injury or death to an employe is caused by a third party, then such employe . . . may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.
77 Pa.S.A. § 481(b). Accordingly, because in the instant case the employee's injury occurred prior to the amendment's effective date and the suit was filed subsequent to the enactment of the amendment, appellee, the statutory employer, was not precluded from being joined as an additional defendant by virtue of the Act. See Bell v. Koppers, supra, 481 Pa. at 458-59, 392 A.2d at 1383. (enactment of 77 Pa.S.A. § 481 applies prospectively and does not bar the joinder of the employer where the accident occurred prior to February 5, 1975 and the suit was filed subsequent to that date).
[2] Pennsylvania Worker's Compensation Act, Act of June 2, 1915, P.L. 736 as amended.
[3] We note that the case sub judice concerns an action in contribution which is completely separate from the original action. See Svetz v. Land Tool Company, 355 Pa. Superior Ct. 230, 513 A.2d 404 (1986) (in a contribution action, rights and obligations flow not from the tort but from the settlement or judgment itself).