## Westinghouse Electric Corporation *v.* C. J. Goodwin Corporation, Appellant.

Argued October 8, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George I. Buckler,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellant.

*Clem R. Kyle,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1968:

This case presents only one issue of statutory construction. On or about August 25, 1958, appellee Westinghouse Electric Corporation [Westinghouse] entered into a written construction agreement with appellant C. J. Goodwin Corporation [Goodwin]. Goodwin agreed, inter alia, to indemnify and hold Westinghouse harmless from any liability arising from personal injuries or death incurred during the construction and resulting from Goodwin's negligence. Goodwin was obliged to maintain insurance to cover these eventualities, and Goodwin did this through policies written by the Insurance Company of North America [Insurance].

On October 1, 1958 a cave-in resulted in injuries to one Addison, who was working for Goodwin on the Westinghouse job site. Addison filed suit against Westinghouse, service being made on July 11, 1960, which notified Goodwin on August 26, 1960, calling upon Goodwin to defend the suit. Insurance was notified of this and by letter dated February 1, 1961, informed Westinghouse that it did not believe that Goodwin was obligated to appear and defend on behalf of Westinghouse.

Addison won a jury verdict on April 6, 1964 upon a finding that Goodwin and Westinghouse were negligent, and Westinghouse paid the judgment on May 28, 1965, after this Court affirmed on April 20, 1965.

Meanwhile Goodwin was having financial difficulties, and on March 1, 1965, Goodwin was dissolved by order of the Court of Common Pleas of Allegheny County, Westinghouse participating in the dissolution proceeding. After its final loss in the suit brought by Addison was determined, Westinghouse attempted to gain reimbursement from Goodwin, through Insurance, but Insurance refused. On August 17, 1966, less than two years from the date of Goodwin's dissolution, Westinghouse filed suit against Goodwin.

Goodwin, now represented by an attorney retained by Insurance, filed preliminary objections, challenging the personal and subject matter jurisdiction of the Court of Common Pleas, on the grounds that Goodwin had been dissolved and its assets liquidated prior to the institution of this action. The court below dismissed the preliminary objections, and Goodwin has appealed.

Goodwin relies on the Act of May 5, 1933, P. L. 364, §1111, 15 P.S. §2111, which in pertinent part provides: "A. The dissolution of a business corporation, . . . by the decree of a court of common pleas, *when the court has not liquidated the assets and property of the corporation*, . . . shall not take away or impair any remedy given against such corporation, its directors or shareholders, for any liability incurred prior to such dissolution, if suit thereon is brought and service of process had before or within two years after the date of such dissolution." (Emphasis added.) Goodwin maintains that since the dissolution decree of the Court of Common Pleas liquidated its assets and property, the italicized part of §1111A. bars Westinghouse from making a recovery on a suit brought after the dissolution. We cannot agree.

The provision of §1111A. with which we are herein concerned has a clear aim: after a dissolved corpora-

tion's property has been judicially divided amongst the corporation's creditors, other claimants should not be able to bring suit to recover property which now belongs to those creditors, rather than to the dissolved corporation. This rationale does not apply where, as here, the property not only was not liquidated or distributed by the decree of the Common Pleas Court, but was not and never could be property in which Goodwin's other creditors could have an interest. In no way could the creditors or Goodwin be prejudiced by the suit brought by Westinghouse after the dissolution proceeding had ended.

In a sense, it is odd to even consider the coverage under the insurance policy as property of Goodwin. Once it has been determined that Goodwin is obligated under its contract to indemnify Westinghouse, Goodwin becomes only a passive conduit for the funds which pass from Insurance to Westinghouse. This makes it even more clear that this situation is not relevant to the purpose of §1111A., which aims to protect creditors who have received assets in a dissolution proceeding. The result argued for by appellant here protects not those creditors, or Goodwin, but only Insurance; it can scarcely be claimed that Insurance was the type of party whom the legislature wished to protect when it passed this statute.

The order of the Court of Common Pleas of Allegheny County is affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.