## Old Sycamore Associates v. Burkholder Paving, Inc.

*Susan E. Grosh,* for plaintiff.
*Dennis J. Ward,* for defendant.

ECKMAN, *J.,* September 13, 1985—Presently before the court are the preliminary objections in the nature of a petition raising a question of personal jurisdiction and a motion to strike filed by defendants Burkholder Paving Inc. and David M. Burkholder Inc., to the amended complaint filed by plaintiffs M. Elvin Byler, J. Robert Hess, Harold G. King and Glenn H. Weaver, t/a Old Sycamore Associates.

In 1977, plaintiffs contracted with defendant Burkholder Paving Inc. for construction of a road. Plaintiffs paid Burkholder Paving the price agreed upon and later discovered that the road was improperly constructed. As a result of the improper construction, the township refused to accept dedication of the road. Despite several demands by plaintiffs, defendants have refused to correct the faulty construction.

Subsequently, on March 24, 1980, Burkholder Paving merged with defendant David M.

Burkholder Inc. On May 16, 1983, David M. Burkholder Inc. was dissolved.

Plaintiffs commenced this action on October 11, 1983, by filing a writ of summons in assumpsit and subsequently filed a complaint in assumpsit and trespass on June 27, 1984. The sheriff was unable to serve defendants with the complaint and made a return of "not found." On September 11, 1984, plaintiffs filed an amended complaint in assumpsit which was served upon defendants by first class mail. Defendants filed the instant preliminary objections on October 26, 1984 and plaintiffs filed a reply thereto on November 23, 1984. Briefs having been submitted by the parties, the matter is ready for disposition.

Defendants first maintain that this court lacks jurisdiction over them since the two corporations were merged and then dissolved prior to the commencement of this action.

Section 2111A of the Business Corporation Law[1] provides for the survival of remedies against a corporation after its dissolution and states:

"The dissolution of a business corporation, either by the filing of articles of dissolution in the Department of State, or by the decree of a court of common pleas, when the court has not liquidated the assets and property of the corporation, or by expiration of its period of duration, shall not take away or impair any remedy given against such corporation, its directors or shareholders, for any liability incurred prior to such dissolution, if suit thereon is brought and service of process had before or within two years after the date of such dissolution. Such suits may be

---

1. Act of May 5, 1933, P.L. 364, Art. XI, §1111; as amended, July 20, 1968, P.L. 459, §57.1; 15 P.S. §2111A (Supplement).

prosecuted against and defended by the corporation in its corporate name."

This statutory survival of remedies is limited to liabilities incurred by the corporation prior to its dissolution. Section 2111A, supra, specifically provides that suit may be maintained against a dissolved corporation for any liability incurred prior to its dissolution if the action is brought and service of process had before or within two years after the dissolution.[2] To hold, as defendants advocate, that in order for a liability to be deemed to have been incurred by the corporation prior to its dissolution, suit must have been commenced prior to the dissolution, would render the remaining portion of section 2111A meaningless or inconsistent with the earlier provision.

Furthermore, the purpose of section 2111A is to protect creditors of the dissolved corporation whose claims have been settled through a judicial division of the corporation's assets[3] while also protecting creditors of the corporation whose claims were not settled in the dissolution proceedings. See Westinghouse Electric Corporation v. C. J. Goodwin Corporation, 432 Pa. 347, 247 A.2d 462 (1968).

Instantly, defendants constructed the road prior to their dissolution. Therefore, any alleged breach of contract caused by defective construction occurred prior to defendant's dissolution. Hence, the instant case is distinguishable from the case relied upon by

---

2. Section 2111A contains other requirements, which we will not address since they have not been contested by defendants.

3. We assume, since none of the pleadings allege to the contrary, that there has been no judicial liquidation of defendants' property and assets. Hence, we need not be concerned with this portion of section 2111A, supra.

defendants, Pine Manor Homes, Inc. v. Duval, 17 D.&C.2d 281 (1958), where the corporation's duty to perform arose after its dissolution and therefore the corporation's failure to perform occurred after its dissolution.

We conclude that where, as here, the alleged breach of contract was committed by the corporation prior to its dissolution, the liability must be deemed to have been incurred by the corporation prior to its dissolution and plaintiffs may maintain a cause of action based upon this liability pursuant to section 2111A, supra, provided that the other requirements of this statute are satisfied.

Defendants next maintain that plaintiffs' attempt to serve process upon the officers of the dissolved corporations was ineffective. Defendants concede, however, that this claim is meritless once the court finds section 2111A of the Business Corporation Law, supra, applicable to this case.

Finally, defendants request that we strike the amended complaint because it was filed without defendants' consent or leave of court as required by Pa.R.C.P 1033.

Plaintiffs admit that they should have obtained leave of court or defendants' consent before filing the amended complaint. Plaintiffs request, however, that we approve the amended complaint nunc pro tunc.

Pa.R.C.P. 1033 provides that "[a] party, either by filed consent of the adverse party or by leave of court, may . . . amend his pleading . . . ," at any time. This rule has been interpreted liberally to allow amendments to the pleadings at any stage of the case unless the amendment would cause prejudice or surprise to the opposing party or would violate the law. Hughes v. Pron, 286 Pa. Super. 419, 429 A.2d 9

(1981); Puleo v. Broad St. Hospital, 267 Pa. Super. 581, 407 A.2d 394 (1979).

This case is presently in the pleading stage and defendants will not be prejudiced or surprised if plaintiffs are permitted to amend the complaint. Since Pa.R.C.P. 126 mandates that the Rules of Civil Procedure "be liberally construed to secure the just, speedy and inexpensive determination of every action," we conclude that the interests of all of the parties will best be served if we approve the amended complaint nunc pro tunc. To require plaintiffs to proceed with the formalities of requesting leave of court to file the amended complaint, when it is evident that leave of court could not properly be denied, would be a fruitless waste of time and would create needless expense.

Accordingly, we enter the following

### ORDER

And now, September 13, 1985, the preliminary objections in the nature of a petition raising a question of personal jurisdiction and a motion to strike filed by defendants Burkholder Paving Inc. and David M. Burkholder Inc. to the amended complaint filed by plaintiffs M. Elvin Byler, J. Robert Hess, Harold G. King and Glenn H. Weaver, t/a Old Sycamore Associates, are hereby dismissed. The court hereby approves the amended complaint nunc pro tunc. Defendants are granted 20 days from the date of this order to file their next responsive pleading.