In the Matter of a Member of the Bar of the Supreme Court of the State of Delaware Francine R. SOLOMON, Esquire.

No. 1, 2005.

Supreme Court of Delaware.

Submitted: Feb. 22, 2005.
Decided: March 1, 2005.

Jeffrey M. Weiner, Fox Rothschild, L.L.C., Wilmington, DE, for Francine R. Solomon, Esquire.

Andrea L. Rocanelli, Office of Disciplinary Counsel, Wilmington, DE.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

PER CURIAM:

The matter before this Court is a disciplinary proceeding. The Board of Professional Responsibility ("Board") has filed a Final Report ("Report") with regard to charges of professional misconduct. The Respondent is Francine R. Solomon ("Solomon"). That Report is attached hereto and incorporated herein by reference.

The Board recommended that the "Respondent be suspended from the practice of law for a period of six (6) months, followed by a three (3) year public probation and permanent practice restrictions that would prohibit solo practice, any future responsibility for financial record keeping, and comparable practice limitations to those set forth in *In Re Solomon,* Del.Supr., 745 A.2d 874 (1999)." The Respondent filed an Objection to the Board's Final Report and recommendation. The Respondent's Objection concluded with the following summary:

> In summary, Respondent Solomon admits that she committed a technical violation of Rule 1.1 by misciting in her Motion to Enlarge Family Court Rule 45(b) instead of Family Court Rule 6(b) for which, at most, Respondent Solomon submits she should have received a private admonition. Alternatively, Respondent Solomon respectfully submits that the Board's recommendation that she be suspended for the practice of law for a period of six months, followed by a three-year public probation and permanent restrictions are disproportionate to any violation of the Rules and that Respondent Solomon receive a public reprimand so that this Court may proceed to consider her application to retire from the Delaware Bar.

During the pendency of this disciplinary proceeding, the Respondent filed an application with this Court for a Certificate of Retirement that erroneously stated there were no disciplinary matters pending.

Following this Court's issuance of a Rule to Show Cause why her Certificate of Retirement should not be denied, the Respondent admitted this matter was pending and attributed its omission to excusable neglect. This Court decided to take no action on the Respondent's Certificate of Retirement until this disciplinary matter was concluded.

The Court, having reviewed and considered the parties' submissions, concludes that the Report of the Board on Professional Responsibility filed on January 3, 2005, should be APPROVED. The Court hereby orders that the Respondent is suspended from practicing law in Delaware for a period of six months from the date of this opinion. When the six-month term of suspension is over, the Respondent's suspension will continue to be in effect until, at the Respondent's request, this Court has entered an order establishing the permanent practice restrictions contemplated by the Report. Alternatively, when the six-month period of suspension is over, the Respondent can ask this Court to reconsider her application for a Certificate of Retirement.

Within ten days after the date of this opinion, the Respondent is ordered to comply with Rule 23(a) of the Delaware Lawyers' Rules of Disciplinary Procedure. Immediately thereafter, the Respondent shall file an affidavit with this Court indicating her compliance with Rule 23(a), as required by Rule 23(b). The Office of Disciplinary Counsel is directed to publicly disseminate information relating to this disciplinary proceeding, as required by Rule 14. This matter is closed.