**In the Matter of a Member of the Bar of the Supreme Court of the State of Delaware:**

**Francine R. SOLOMON, Esquire.**

**No. 361,2005.**

Supreme Court of Delaware.

Submitted: Sept. 30, 2005.

Decided: Oct. 26, 2005.

James E. Liguori, Liguori, Morris & Yiengst, Wilmington, for Francine R. Solomon, Esquire.

Andrea L. Rocanelli, Office of Disciplinary Counsel, Wilmington.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices (constituting the Court en Banc).

PER CURIAM:

This matter is before the Court for disciplinary action upon review of the August 2005 Report and Recommendation of Sanction ("Report") of the Board on Professional Responsibility. The Respondent, Francine R. Solomon, Esquire ("Solomon") has been a member of the Bar of the Supreme Court of Delaware since 1981. The Board has recommended that Solomon be permitted to voluntarily cease practicing law for a three-year period. In view of her prior disciplinary record, however, we have concluded that Solomon should be suspended for three years.

---

1. The Office of Disciplinary Counsel ("ODC") and Solomon submitted stipulated findings of fact and a stipulated violation of the Delaware Lawyers' Rules of Professional Conduct ("Rules").

## Facts [1]

Solomon was admitted to the Bar of the Supreme Court of Delaware in 1981. At all times relevant to this proceeding, Solomon was practicing law under an order of probation imposed by this Court on December 21, 1999, *In re Solomon*,[2] and extended by this Court on April 28, 2004, *In re Solomon*.[3] The current disciplinary proceeding arises from Solomon's representation of Richard L. Pyle in a Family Court matter.

The Family Court entered a bench order on May 21, 2004 ("Bench Order") that decided contested issues contrary to the positions taken by Pyle. On or about June 8, 2004, Pyle filed a disciplinary complaint ("Complaint") with the ODC, which raised concerns about the professional conduct of Solomon in representing him. The ODC sent Solomon a copy of Pyle's Complaint, and requested a written response.

Solomon filed a motion in the Family Court to withdraw as counsel for Pyle on the grounds that the disciplinary Complaint he filed against her created a conflict of interest. Pyle's case continued moving forward, however, before the Family Court took any action on Solomon's motion to withdraw. Accordingly, the Family Court continued to send all correspondence to Solomon, as Pyle's attorney of record.

In June 2004, opposing counsel filed a Motion for Specific Performance of the Bench Order ("Motion"). The Motion was then sent to Solomon as Pyle's attorney. Solomon did not send a copy of the Motion to Pyle and did not notify him that the Motion had been filed. Instead, Solomon

---

2. *In re Solomon,* 745 A.2d 874 (Del.1999).

3. *In re Solomon,* 847 A.2d 1122 (Del.2004).

sent the Motion and the original documents to the ODC a week after she received them. According to Solomon, she assumed that ODC would notify Pyle of the Motion.

Solomon sent an email to the ODC at noon on June 29, 2004, the day before a scheduled teleconference with the Family Court judge on the Motion. In the email, Solomon acknowledged that she was "still considered the attorney of record," but took no further action. Solomon did not give notice of the teleconference to Pyle. She again assumed that the ODC would notify him of the following day's teleconference with the Family Court judge.

Pyle did not receive notification and was awakened on the morning of the June 29 when the Family Court bailiff called him for the teleconference. Solomon initially participated in the teleconference and immediately asked to be permitted to withdraw as counsel for Pyle. That motion was granted and Solomon absented herself from the conference call. Pyle was not represented by any counsel during the merits of the teleconference. The Family Court judge ruled against Pyle.

### Ethical Violation Admitted

Solomon has stipulated that she violated Rule 1.16(d) of the Delaware Lawyers' Rules of Professional Conduct ("the Rules") because she withdrew from the representation of Pyle without taking reasonable steps to protect his interests. Delaware Lawyers' Rules of Professional Conduct, Rule 1.16(d) states, in pertinent part:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reason-

able notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expenses that has not been earned or incurred.

### Board's Recommendations

The Board considered the ABA Standards for Imposing Lawyer Sanctions and the four factor analysis considered under those standards: the ethical duties violated by the lawyer; the lawyer's mental state; the extent of the actual or potential injury caused by the lawyer's misconduct; and the existence of aggravating and mitigating factors.[4] The Board concluded that Solomon's mental state was knowing, based on her admission that she abandoned the representation of Pyle. In aggravation, the Board concluded that although she did not intend the consequences, Solomon's actions caused actual injury to her client. The Board found that Solomon's actions violated ABA Standard 4.42 because Solomon failed to perform services resulting in injury, and also violated ABA Standard 8.2 because she has been reprimanded for such misconduct in the past and yet engaged in further similar acts. The Board also found that Solomon's substantial experience in the practice of law since 1981 was an aggravating factor. The Board did not find any factors in mitigation.

The sanction that Solomon and the ODC jointly recommended to the Board was a formal retirement from the practice of law effective December 31, 2004 with the ability for Solomon to apply for reinstatement in three years. The Board approved that recommendation. The Board also recommended to this Court that if Solomon did seek to practice following a three year

---

4. *ABA Standards for Imposing Lawyer Sanctions* 8 (1992), *available at* http://www.abanet. org/cpr/regulation/ standards_sanctions .pdf. *See also In re Bailey*, 821 A.2d at 866.

retirement, the first two years should be conditioned upon a probationary period, and that she should be under the supervision of an attorney approved by the Board.

### Standard of Review

 This Court "has an obligation to review the record" in a disciplinary proceeding "independently and determine whether there is substantial evidence to support the Board's factual findings."[5] This Court reviews the Board's conclusions of law de novo.[6] As to the Board's recommendation of an appropriate sanction, this Court has the exclusive authority to discipline members of the Delaware Bar. Therefore, we have stated that "while the Board's recommendations on the appropriate sanction to be imposed are helpful, they are not binding on this Court."[7] This Court "has wide latitude in determining the form of discipline, and ... will review the recommended sanction to ensure that it is appropriate, fair and consistent with ... prior disciplinary decisions."[8]

### Repeated Probation Ethical Violations

It is an aggravating circumstance under ABA Standard 9.22 that Solomon was practicing during a probationary period by violating Rule 1.16(d) of the Rules while representing Pyle. During the original period of Solomon's probation, this Court imposed several limitations and conditions on Solomon's continued practice of law, including that she limit the number of active cases she handles at any given time so as to have less than a full-time practice.[9] Solomon was also required to report in writing to the ODC on a quarterly basis that she has met all obligations imposed on her by court order, including scheduling orders.[10]

This Court also imposed *permanent* conditions and limitations on Solomon's practice of law.[11] Solomon may never practice as a solo practitioner, nor may she have responsibility for the financial recordkeeping requirements imposed by Rule 1.15 of the Rules.[12] All monies and funds relative to Solomon's practice are required to be processed through the firm such that Solomon has no access to any funds and has no check-writing privileges. Solomon may not have responsibilities with respect to law office management, and she must have adequate staffing and administrative support to handle her caseload.[13] Finally, Solomon's calendar and client inquiries are required to be monitored by an attorney at the firm. The monitoring must include implementation of a specific system for tracking inquiries and messages from Solomon's clients to ensure that she is adequately communicating with her clients.[14]

Notwithstanding these unprecedented limitations and safeguards, Solomon committed additional ethical violations while she was on probation. The original proba-

---

5. *In re Bailey*, 821 A.2d 851, 862 (Del.2003) (citing *In re Reardon*, 759 A.2d 568, 575 (Del. 2000)).

6. *Id.*

7. *Id.* at 866

8. *Id.*

9. *In re Solomon*, 745 A.2d 874 (Del.1999).

10. *Id.*

11. *Id.*

12. *Id.*

13. *Id.*

14. *Id.*

tion was extended by this Court in *In re Solomon* for two violations that were distinct from the initial disciplinary measures.[15] Solomon was reprimanded for failing to appear at a Family Court hearing scheduled for February 11, 2003, and for failing to reschedule or have handled by others two scheduling teleconferences in the Family Court in February 2003. Both the ODC and Solomon stipulated to the facts and to the imposed sanction: an extension of Solomon's probation for one year.

### Current Suspension

Unfortunately, those two ethical violations and the current ethical violation involving Pyle were not the only ethical violations that occurred while Solomon was on probation. Earlier this year, Solomon was publicly reprimanded and suspended for six months because of another ethical violation.[16] Additionally, while the proceeding involving that ethical violation was pending, Solomon filed an application with this Court for a Certificate of Retirement. That application falsely stated there were no disciplinary matters pending.

This Court issued a Rule to Show Cause why Solomon's Certificate of Retirement should not be denied. Solomon admitted there was a disciplinary matter pending and attributed her false statement to excusable neglect. This Court concluded that Solomon should be suspended for six months, and that her application for a Certificate of Retirement would be reconsidered upon the conclusion of the suspension.[17]

### Suspension Appropriate Sanction

 The inherent and exclusive authority for disciplining members of our Bar is vested in this Court.[18] Lawyer disciplinary sanctions "are not designed to be either punitive or penal."[19] "The objectives of the lawyer disciplinary system [in Delaware] are to protect the public, to protect the administration of justice, to preserve confidence in the legal profession, and to deter other lawyers from similar misconduct."[20] The focus of the lawyer disciplinary system in Delaware in not on the lawyer but, rather, on the danger to the public that is ascertainable from the lawyer's record of professional misconduct.[21]

Based upon Solomon's disciplinary record, the Board, the ODC and Solomon all agree that she should not practice law for three years. They suggest that this Court should accept Solomon's Certificate of Retirement, subject to that three-year condition. If Solomon was permitted to retire, however, she could resume the active practice of law in three years without demonstrating her rehabilitation.[22] Although it is true that Solomon would remain subject to the permanent limitations on her practice that this Court imposed in 1999,[23]

15. *In re Solomon,* 847 A.2d 1122, 2004 WL 1058942 at *2 (Del.2004).

16. *In re Solomon,* 870 A.2d 1189 (Del.2005).

17. *Id.*

18. *See In re Green,* 464 A.2d 881, 885 (Del. 1983).

19. *In re Garrett,* 835 A.2d 514, 515 (Del.2003).

20. *In re Bailey,* 821 A.2d 851, 866 (Del.2003).

21. *In re Hull,* 767 A.2d 197, 201 (Del.2001).

22. Supr. Ct. R. 69(f).

23. *In re Solomon,* 745 A.2d 874, 888–90 (Del. 1999).

those safeguards did not prevent Solomon from committing multiple ethical violations during her original and extended periods of probation.

Unlike retirement, if Solomon is suspended from the practice of law for more than six months, she must establish her rehabilitation before she will be returned to active status as a Delaware attorney.[24] Solomon's record of repeated ethical violations, notwithstanding the extraordinary limitations and safeguards imposed during her original and extended probationary periods, mandate that Solomon demonstrate her rehabilitation before she can return to active status. Consequently, we have concluded that for the protection of the public and to accomplish the other objectives of the lawyer disciplinary system in Delaware, Solomon must be suspended from the Bar of this Court for three years beginning on March 1, 2005 and ending March 1, 2008.[25]

---

24. Del. Lawyers' Rules of Disciplinary Proc. R. 22(a).

25. The effect of this decision is that the first six months of this three-year suspension will run concurrently with the suspension that was imposed earlier this year in *In re Solomon,* 870 A.2d 1189 (Del.2005).