IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE BAR OF THE SUPREME COURT OF DELAWARE:<br><br>ANDRE M. BEAUREGARD,<br><br>      Respondent. | § § No. 111, 2022<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Submitted: June 22, 2023
Decided: July 24, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

*PER CURIAM:*

## ORDER

Upon consideration of Respondent Andre M. Beauregard's request for a certificate of retirement under Supreme Court Rule 69(f), the Office of Disciplinary Counsel's responses, and Beauregard's responses, it appears to the Court that:

(1)    On June 5, 2018, the Court suspended Beauregard from the practice of law for six months for his violations of Rules 1.15(a), 1.15(d), 5.3(c), 8.4(c), and 8.4(d) of the Delaware Lawyers' Rules of Professional Conduct.  The Court also permanently barred Beauregard from maintaining his or a law firm's books and records or acting in a supervisory capacity over a law firm's books and records under Rule 5.3.

(2) On January 23, 2023, the Court suspended Beauregard from the practice of law for two years, with the opportunity to apply for limited reinstatement after one year to serve as counsel for indigent defendants in the Office of Conflicts Counsel program, for his violations of Rules 3.5(c), 5.3(a), 5.3(c)(2), and 8.4(c) of the Delaware Lawyers' Rules of Professional Conduct. The Court directed Beauregard and ODC to confer on the starting date for Beauregard's suspension.

(3) Beauregard and ODC agreed that his two-year suspension would commence on February 3, 2023. Beauregard, however, disagreed with certain conditions of his suspension. On March 7, 2023, Beauregard filed a motion for clarification with his objections to those conditions. On March 9, 2023, the Court denied the motion. The Court held that ODC has broad discretion to impose conditions for suspension, which would only be reviewed if the conditions are arbitrary or facially unreasonable. The Court found that Beauregard had not satisfied this standard.

(4) Beauregard and ODC continued to discuss the conditions of his suspension. On May 5, 2023, Beauregard withdrew his objections to all of the conditions, except those involving his office space at 148 South Bradford Street in Dover. On May 8, 2023, ODC agreed that Beauregard could continue to occupy this office space if he, among other things, paid the lease

2

and related expenses from a non-law firm account, amended the lease to reflect that a law firm was not using the space, and kept a log of unsolicited contacts from potential clients for ODC's inspection. On May 9, 2023, Beauregard's counsel requested and received a 48-hour extension to respond to ODC.

(5) Instead, on May 10, 2023, Beauregard submitted a request to the Clerk of the Court for a certificate of retirement to be effective immediately. As directed by the Court, ODC responded to this request. ODC does not oppose Beauregard's retirement from the practice of law but does oppose any effort by Beauregard to evade professional discipline or conditions of suspension.

(6) As ODC emphasizes, a retired attorney, unlike a suspended attorney, may provide uncompensated legal services to various agencies, including the Public Defender's Office within the Office of Defense Services. In addition, a retired attorney, unlike an attorney suspended from the practice of law for more than six months, may return to active status and the practice of law without proving his rehabilitation to the Board on Professional Responsibility and this Court by clear and convincing evidence.[1] As ODC

---

[1] *Compare* Del. Supr. Ct. R. 69(f) (providing that retired attorney may return to active or inactive status by satisfying the Court that he has the "moral qualifications, competency and learning in the law required for admission to practice" and, if seeking to return to active

3

also highlights, this Court's acceptance of retirement or resignation[2] in lieu of discipline has been the exception, rather than the rule and the request for retirement or resignation has occurred before, not after, this Court has found disciplinary violations and imposed sanctions.[3] ODC argues that Beauregard should therefore remain subject to the conditions of his suspension and ODC's monitoring of those conditions. ODC has submitted a proposed form of order transferring Beauregard to retirement status with conditions.

(7)    Beauregard states that he chose to request retirement because ODC sought to impose unduly onerous conditions on his suspension that would unreasonably limit his ability to earn a living from non-legal

status, may be referred to the Board of Bar Examiners for determination of his suitability to resume active status) *with* Del. L. R. Disc. Proc. 22 (requiring attorney suspended for more than six months who seeks reinstatement to file petition with the Board on Professional Responsibility and demonstrate by clear and convincing evidence his professional rehabilitation and satisfaction of additional criteria). *See also In re Solomon*, 886 A.2d 1266, 1270-71 (Del. 2005) (noting that if attorney who violated Rule 1.16(d) while on probation was permitted to retire she could return to active status without establishing her rehabilitation).

[2] An attorney who retires remains a member of the Bar. Del. Supr. Ct. R. 69(a), (f). An attorney who resigns is no longer a member of the Bar. Del. Supr. Ct. R. 69(k).

[3] *See, e.g, In re Martin*, 2019 WL 2372454, at *1 (Del. June 4, 2019) ("In lieu of imposing disbarment as reciprocal discipline under Procedural Rule 18, this Court will accept Respondent's immediate and permanent resignation from the Bar of the Supreme Court of the State of Delaware pursuant to Delaware Supreme Rule 69(k)."); *Solomon*, 886 A.2d at 1270-71 (rejecting proposed sanction consisting of attorney's retirement and agreement not to practice law for three years and instead suspending lawyer for three years); *In re Lassen*, 672 A.2d 988, 1000 (Del. 1996) (rejecting proposed sanction consisting of private admonition conditioned on voluntary, permanent retirement from the practice of law and instead publicly suspending attorney for three years); *In re Reed*, 429 A.2d 9, 994 (Del. 1981) (neither accepting resignation of attorney with serious medical conditions who converted client funds as purely voluntarily, nor ordering disbarment, but striking attorney's name from the roll of attorneys).

employment and his use of his lawfully leased office space. He opposes the imposition of any conditions upon the retirement of his license to practice law, specifically objecting to conditions: (i) requiring him to provide a copy of the 2018 and 2023 Suspension Orders to non-legal employers; (ii) prohibiting him from supervising the books and financial records for a business unrelated to the practice of law; and (iii) requiring the closure of his office space.

(8) The Court has considered the matter carefully. In January 2023 we held that Beauregard violated the Delaware Lawyers' Rules of Professional Conduct and imposed a two-year suspension. Given the differences between an attorney who retires and an attorney who is suspended for more than six months, the timing of Beauregard's request for a certificate of retirement, and Beauregard's disciplinary history, we conclude that Beauregard cannot avoid the consequences of our January decision by retiring without conditions as he requests.

(9) Turning to Beauregard's specific objections to the conditions, contrary to what he contends, there is no condition in ODC's proposed order prohibiting Beauregard from supervising the books and financial records for a business not engaged in the practice of law. The relevant condition prohibits Beauregard from maintaining financial accounts "for any law firm, association, corporation or any other business entity, whose purpose is in

5

whole or in part, the practice of law," which is not arbitrary or facially unreasonable in light of Beauregard's disciplinary history.

(10)  As to the existing office space, the proposed conditions require the removal of any signage identifying Beauregard as a member of a law firm, which he says he has already done, and his keeping a log with current, former, or prospective clients who seek his legal services.  Beauregard has maintained a law office in this space for more than six years so it seems likely that current, former, or prospective clients could come to or call this address in the future and seek his legal advice.  Requiring Beauregard to keep log of such people if he continues to use the office space is not arbitrary or facially unreasonable. Nor does it unreasonably interfere with Beauregard's use of the office space.

(11)  Finally, ODC's concern that an employer could hire Beauregard without understanding that he may not practice law or perform law-related services is understandable but is sufficiently addressed by requiring Beauregard to provide the 2018 and 2023 Suspension Orders and this Order to employers in the legal profession and to notify ODC of any change in his employment (including the name of his employer and his job responsibilities). Such notification will enable ODC to determine whether further investigation regarding whether Beauregard could be engaging in the unauthorized practice of law is reasonably necessary.

6

NOW, THEREFORE, IT IS ORDERED that:

A.    The Clerk of the Court is directed to issue a certificate of retirement to Beauregard.

B.    Beauregard shall not practice law in Delaware directly or indirectly, nor shall he provide any law-related services unless he is directly supervised by a Delaware lawyer.

C.    Beauregard shall not have any contact, direct or indirect, with clients, prospective clients, witnesses, or prospective witnesses for purposes of the practice of law or the provision of law-related services.

D.    Beauregard shall not attend any court proceeding or ancillary court proceeding on behalf of a client, address a court on behalf of a client, or make any legal argument on behalf of a client.

E.    Beauregard shall not share in any legal fees arising from clients or cases referred by him during his retirement with any other lawyer or share in any legal fees earned for services performed by other lawyers during his retirement.  Beauregard may collect legal fees earned by him prior to suspension and legal fees earned on a quantum meruit basis prior to his suspension in contingency fee cases.

F.    Beauregard shall not advertise any law or law-related services.

G.      Beauregard shall not independently, or with another lawyer, own, operate, serve as an officer or director of, or share any interest whatsoever, in any law firm, association, corporation, or other business entity, whose purpose is, in whole or in part, the practice of law.

H.      Beauregard shall divest himself of any ownership, operation, or interest whatsoever in any law firm, association, corporation or other business entity, whose purpose is in whole or in part, the practice of law.

I.      Beauregard shall remove and not display to the public any indicia he is a member of a law firm or available to take private clients or a member of a law firm, including any signage, letterhead, or other written forms, websites, social media accounts or other internet web-based pages, including any contact information from any social media or internet-based pages, including any contract information from any social media or internet web-based referral or "lead" service.

J.      Beauregard shall not maintain, supervise, or operate any financial account, regardless of its designation or title, for any law firm, association, corporation or any other business entity, whose purpose is in whole or in part, the practice of law.

K.      Beauregard shall provide a copy of this Court's 2018 and 2023 Suspension Orders and this Order to all employers, whose purpose is in whole

8

or in part, the practice of law, regardless of whether he is a W-2 employee or a 1099 independent contractor.

L. Beauregard shall fully cooperate with ODC in any efforts to monitor his compliance with the Court's 2018 and 2023 Orders and these conditions. Beauregard shall report any change in employment (including the name of his employer and his job responsibilities) to ODC within ten (10) calendar days of his date of hire.

M. Beauregard shall cooperate fully with the Receiver for his law practice, Joseph D. Stanley, Esquire, including but not limited to any and all requests related to correspondence, his notes, case management system, electronic or hard copy files, and financial books and records, or any other request by the Receiver.

N. Beauregard's transfer to retirement status does not relieve him of the obligations under the Court's 2018 or 2023 Suspension Orders or any of the conditions set forth herein.

O. To the extent Beauregard seeks to resume the practice of law, he must satisfy the standards set forth in both Supreme Court Rule 69(f) and Delaware Lawyers' Rule of Disciplinary Procedure 22(g).

P. To the extent Beauregard continues to maintain his current office, he shall keep a log of any current, former, or prospective clients who

seek his legal services in person or by phone and provide the log to ODC upon ODC's request.

Q.      Beauregard shall pay the costs of prosecution in his disciplinary proceeding.

R.      This Order shall be made public.